IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                Case No. 05-3174-SAC
                                            00-40004-01-SAC

DOUGLAS WAYNE HOGAN,

                Defendant.

MEMORANDUM AND ORDER

        This case comes before the court on defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and the government's responsive motion to enforce the defendant's plea agreement.

        On April 4, 2000, defendant pleaded guilty to one count of possession with the intent to distribute and dispense 50 grams or more of methamphetamine. He was sentenced to a term of 120 months on July 13, 2000. The judgment was entered on July 21, 2000, and defendant did not bring a direct appeal.

        As part of the plea agreement, defendant waived his right to appeal and to bring a collateral attack of his conviction and sentence. Nevertheless, this

case is before the court upon defendant's motion to vacate sentence under 28 U.S.C. § 2255, which was filed on April 13, 2005. This motion must be denied for several reasons.

First, the motion is untimely. As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255 establishes a one-year limitations period for federal prisoners filing § 2255 motions. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). Where, as here, a defendant does not pursue a timely appeal to the court of appeals, the conviction and sentence become final and the one-year limitations period begins running upon the expiration of the time for filing the appeal. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir.1999). The defendant filed his § 2255 motion approximately five years after his sentence became final, and does not advance any allegations that would warrant the application of equitable tolling in this case. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000) (equitable tolling of statute permitted in only rare and exceptional circumstances).

Nor could defendant's petition be deemed timely filed within one year of "the date on which the right was initially recognized by the Supreme Court," and that right has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 [¶ 6](3). The right claimed by defendant arises out of *United States*

*v. Booker*, 543 U.S. ----, 125 S.Ct. 738, 748, 160 L.Ed.2d 621 (2005), which applied *Blakely v. Washington*, 542 U.S. 296 (2004), to invalidate the federal sentencing guidelines insofar as they were mandatory. But the principles of *Blakely* and *Booker* have been held not to apply retroactively to cases which were final at the time those decisions were issued. *United States v. Bellamy*, 411 F.3d 1182, 2005 WL 1406176 (10th Cir.2005) (*Booker* ); *United States v. Price*, 400 F.3d 844, 849 (10th Cir.2005) (*Blakely* ).

Second, defendant waived his right to bring a collateral attack. Defendant's plea agreement expressly states that "[d]efendant freely, voluntarily and intelligently waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence." Defendant's 2255 motion is a collateral attack, and is thus expressly barred by the language of his plea agreement.

Defendant does not contend that the present motion is outside the scope of his waiver, that his plea was not freely, voluntarily or intelligently made, that he received ineffective assistance of counsel regarding the validity of the plea or the waiver, that the court relied on an impermissible factor, or that the agreement is otherwise unlawful. Because defendant's plea agreement explicitly states that defendant is waiving a particular right, because the court is assured through its colloquy with defendant at the time of the plea that his waiver was freely,

voluntarily or intelligently made, and because no exceptions noted above are present, the court will hold defendant to that waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir.2001) (holding a waiver of § 2255 rights in a plea agreement is generally enforceable, unless it falls within the exceptions noted above), *cert. denied*, 534 U.S. 1085 (2002).

Third, as noted above, the principles of *Blakely* and *Booker*, which are the sole basis for the present motion, simply do not apply retroactively to cases such as defendant's, which were final at the time those decisions were issued. *United States v. Bellamy*, 411 F.3d 1182, 2005 WL 1406176 (10th Cir. 2005) (*Booker*); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (*Blakely*). Thus even had the court reached the merits of the motion, it would be denied.

IT IS THEREFORE ORDERED that defendant's motion to vacate his sentence under 28 U.S.C. § 2255 (Dk. 51) is denied and that the government's motion to enforce the plea (Dk. 56) is granted.

Dated this 31st day of August, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge